IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI KARMA PRASAD,

    Plaintiff,

v.                                                       Civil Action No. **3:16CV899**

**LARRY FLYNT,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari Karma Prasad, a Virginia inmate proceeding *pro se*, submitted this action. For the reasons set forth below, the action will be dismissed for Prasad's failure to follow the directives of the Court.

### I. Prasad's History of Abusive Litigation

In the last two years, Prasad has submitted over fifty civil actions. Prasad's actions have been dismissed as frivolous and malicious, or for failure to state a claim, or because she has failed to follow the directives of the Court. Prasad's many actions have strained the resources of the Court.

Litigants have an obligation to "'Stop, Think, Investigate and Research' before filing papers either to initiate a suit or to conduct the litigation." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987). Prasad has ignored this obligation and flooded the Court with her inchoate claims for relief.

Additionally, Prasad has engaged in a consistent pattern of disregarding the directives of the Court. For example, the Court has informed Prasad that she may not tack on allegations or defendants to a complaint through partial amendments, but must file a comprehensive amended complaint. Prasad has ignored that directive. Moreover, because of the nature of her rambling

complaints, it has been necessary for the Court to direct Prasad to file a particularized complaint in each action she has filed. Those particularized complaints are often no better than the original complaint. Even after filing a particularized complaint, and despite being repeatedly directed not to do so, Prasad has continued to submit mere amendments to tack on claims or defendants which she may not do. As the Court has explained to Prasad *ad nauseum*, although Prasad's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Prasad has refused repeatedly to comply with the Court's directives. Further, many of the claims in Prasad's cases are repetitive of claims made in prior actions.

More recently, because Prasad has not liked the disposition of her actions, Prasad has begun to name the undersigned as a defendant, simply because of the adverse decision. Prasad believes that naming the undersigned as a defendant requires recusal of the undersigned. However, that is simply not the case. An unfavorable ruling fails to constitute a valid basis for recusal or a judicial bias claim. *United States v. Williamson*, 213 F. App'x 235, 237–38 (4th Cir. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Rather, Prasad's addition of the undersigned as a defendant in both pending and closed civil actions is both abusive and done in bad faith. Another judge of this Court has also found that Prasad's attempt to have the undersigned recuse herself for this reason was taken in bad faith. *See Prasad v. Gothic Beauty Magazine*, No. 3:17CV446 (E.D. Va. May 4, 2018), ECF Nos. 15, 16.

By Memorandum Order entered on June 28, 2018, the Court directed Prasad, within fourteen (14) days of the date of entry thereof, to submit a certificate of compliance in order to assist the Court in monitoring Prasad's repetitious and multiplicitous litigation. The certificate of compliance was required to contain in separately numbered paragraphs:

2

> 1. A brief summary, not to exceed two (2) pages, explaining why the interests of justice warrant consideration of her current complaint.
> 2. A list by style, case number, and current status of all cases filed by Prasad within one year preceding the date of entry of this Memorandum Order that names each and every defendant that Prasad has named in this civil action.
> 3. A certification that the claims that she brings in this complaint are not raised in any other pending or closed action and set forth why each claim could not have been raised in one of her previous actions.
> 4. A certification that the claims that she has brought in this action have not been dismissed with prejudice.
> 5. A statement from Prasad under penalty of perjury that the statements made in the certificate of compliance are true.

(ECF No. 16, at 2–3.)

## II. Prasad's Response

On July 12, 2018, Prasad filed her response to the June 28, 2018 Memorandum Order, wherein she largely ignored the directives of the Court. (ECF No. 17.) For example, the response fails to contain:

> 3. A certification that the claims that she brings in this complaint are not raised in any other pending or closed action and set forth why each claim could not have been raised in one of her previous actions.
> 4. A certification that the claims that she has brought in this action have not been dismissed with prejudice.
> 5. A statement from Prasad under penalty of perjury that the statements made in the certificate of compliance are true.

(ECF No. 16, at 3.) Instead, Prasad derides the Court's attempt to sort out her frivolous or repetitive litigation and states: "(sections 3–5 listed in case compliance blah blah blahs) was certified in the complaint form from the state or in the amended revision that I took so LOVINGLY and dedicatedly long to craft...." (ECF No. 17, at 1.) Prasad is incorrect. Neither the Complaint (ECF No. 1), nor the Particularized Complaint (ECF No. 12), nor the Amended Particularized Complaint (ECF No. 13), contains the requested information. Indeed, Hamilton Hendrix, who is named as a defendant in each of these complaints, has appeared in a number of Prasad's prior actions that the Court has dismissed for failure to state a claim, as

3

legally frivolous, and malicious. *See, e.g., Prasad v. James-Woods*, No. 3:18CV80, 2018 WL 3130406, at *3 (E.D. Va. June 26, 2018) ("Prasad once again names Hamilton Hendrix as a Defendant. In a previous case, Prasad described Hendrix as her 'ex boyfriend, drug dealer and addict, rapist and alcoholic.'" (quoting *Prasad v. Hampton Circuit Court*, No. 3:17CV204, 2018 WL 2452956, at *5 (E.D. Va. May 31, 2018))); *Prasad v. Fed. Trade Comm'n*, No. 3:17CV224, 2018 WL 2248599, at *5 (E.D. Va. May 16, 2018). Prasad also fails to tender any coherent explanation as to why the interests of justice warrant the Court's review of her current complaint.

Given Prasad's history of abusive litigation, her failure to abide by the directives of the Court, her contumacious response to the June 28, 2018 Memorandum Order, and the Court's explicit warning that the failure to submit a proper response would result in the dismissal of the action, dismissal with prejudice would be an appropriate sanction. *See Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989) (affirming dismissal with prejudice for failure to abide by the court's order where the court explicitly warned the plaintiff that his case would be dismissed if he failed to obey the court's order); *Dove v. Codesco*, 569 F.2d 807, 810 (4th Cir. 1978) (observing "that the dismissal power should be exercised 'only on the face of a clear record of delay or contumacious conduct by the plaintiff'" (quoting *Dunham v. Fla. E. Coast Ry. Co.*, 385 F.2d 365, 368 (5th Cir. 1967))). Nevertheless, in this instance, the Court concludes the lesser sanction of dismissal without prejudice will appropriately address Prasad's failure to abide by the directives of the Court. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. Prasad's Motion for the Appointment of Counsel (ECF No. 14) will be DENIED.

An appropriate order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States District Judge

Date: SEP - 4 2018
Richmond, Virginia